# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RICO ISAIH HAIRSTON,**

      **Plaintiff,**

      v.                                Civil Action 2:17-cv-362
                                          Chief Judge Edmund A. Sargus, Jr.
                                          Magistrate Judge Chelsey M. Vascura

**FRANKLIN COUNTY COURT
OF COMMON PLEAS,** *et al.***,**

      **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

      Plaintiff, Rico Isaih Hairston, a state inmate who is proceeding without the assistance of counsel, brings this action against the Franklin County Court of Common Pleas; the Franklin County Prosecutor's Office; the Franklin County Public Defender's Office; and Abbey Becca, whom he identifies as an assistant Franklin County Prosecutor. Plaintiff claims that Defendants violated rights guaranteed to him by the Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution and intentionally inflicted emotional distress upon him by participating in his arraignment without his presence. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial

screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2). (ECF No. 1.) Plaintiff's motion is **GRANTED**. Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he had the sum of $1.32 in his prison account as of June 23, 2017. That amount is insufficient to pay the full filing fee. An authorized officer at the Franklin County Jail submitted a certificate in related case 2:17-cv-581 indicating that Plaintiff's average monthly deposits for the six-month period prior to August 8, 2017, were $90.25.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account at Franklin County Jail is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint. After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

\* \* \*

---
[1] Formerly 28 U.S.C. § 1915(d).

  (B) the action or appeal--

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

  To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must

construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## II.

Plaintiff's claims based upon his absence at an April 5, 2017, arraignment fail to state a claim for relief upon which this Court may grant relief. Two of the defendants, the Court of Common Pleas and the Prosecutor's Office, are immune from suit. To the extent that the others are not absolutely immune, Plaintiff's allegations do not give rise to a plausible claim for relief pursuant to 42 U.S.C. § 1983.

Plaintiff alleges that he was transported from Ross Correctional Institution to the Franklin County Jail on April 3, 2017, for arraignment on unspecified untried indictments. The arraignment was scheduled for April 5, and Plaintiff alleges that he told the Franklin County Public Defender's Office that he had elected to represent himself. The April 5 arraignment took place without Plaintiff, however, and Defendant Becca waived Plaintiff's appearance and entered a not guilty plea on Plaintiff's behalf. Plaintiff bases all of his claims in this case on that act by Defendant Becca.

5

To sustain a § 1983 claim, Plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States and that this deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978); *Ellison v. Garbarino,* 48 F.3d 192, 194 (6th Cir.1995). State courts are not subject to suit because they do not satisfy the "person" requirement as § 1983 uses that term. *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir.), *cert. denied,* 522 U.S. 914 (1997). The Eleventh Amendment to the United States Constitution also bars Plaintiff from maintaining a lawsuit against the Franklin County Court of Common Pleas because it is an arm of the state. *Id.* Plaintiff has not, therefore, asserted claims against that court upon which this Court may grant relief. It is recommended that the Court dismiss the claims against the Franklin County Court of Common Pleas.

It is also recommended that the Court dismiss Plaintiff's § 1983 claim against the Franklin County Prosecutor's Office. State prosecutors enjoy absolute immunity from civil liability when acting within the scope of their prosecutorial duties. *Imber v. Pachtman*, 424 U.S. 409, 427 (1976). Plaintiff Hairston has not alleged any conduct whatsoever by the Franklin County Prosecutor's Office and, therefore, has failed to allege activity outside the scope of prosecutorial duties.

Plaintiff also asserts § 1983 claims against the Franklin County Public Defender's office and assistant public defender Abbey Becca based upon Becca's actions at the April 5 arraignment. Section 1983 does not support liability on a *respondeat superior* theory. *Monell v. New York City Dep't of Soc. Servs.*, 438 U.S. 658, 694 (1978). To the extent that Plaintiff's claims against the Public Defender's office rest on that theory, they are subject to dismissal.

Where an official policy is the "moving force" behind a constitutional violation, a public defender's office may be liable for the violation under § 1983. *Id.*; *see also Polk County v.*

*Dodson*, 452 U.S. 312, 326 (1981). Plaintiff has alleged that Ms. Becca acted pursuant to a policy or custom of the Public Defender's Office without specifying the content of that policy or custom. Liberally construed, Plaintiff's claims suggest that Plaintiff is alleging that the Franklin County Public Defender's Office follows an official policy or custom of waiving appearances and entering not guilty pleas at arraignments in the absence of criminal defendants who have indicated that they wish to represent themselves. Construed in that fashion, Plaintiff's claim is that Ms. Becca, acting pursuant to an official policy or custom of the Franklin County Public Defender's office, violated Plaintiff's constitutional rights by waiving his appearance and entering a not guilty plea on his behalf at the April 5 arraignment.

A criminal defendant has a constitutional right to be "present at all stages of the trial where his absence might frustrate the fairness of the proceedings." *Farretta v. California*, 422 U.S. 806, 819 n. 15 (1975). The right derives from the Due Process Clause and the Confrontation Clause. *See United States v. Shepherd*, 284 F.3d 965, 968 n.1 (8th Cir. 2002). An arraignment is not required by the Due Process Clause. *Garland v. Washington*, 232 U.S. 642, 645 (1914). Moreover, it is not a stage of the litigation at which witnesses testify against the defendant, so Confrontation Clause concerns are not implicated. Plaintiff did not, therefore, sacrifice any rights or lose any defenses as a result of his absence or of Ms. Becca's alleged actions. In fact, Plaintiff has not alleged that anything that happened at the arraignment prejudiced him in any way. In fact, he acknowledges that he had received a copy of the indictment before the date of the arraignment, so he could not allege that he was unaware of the charges against him. The only other possible prejudice to Mr. Hairston would have been the entry of a guilty plea without his consent, and that did not occur. This Court should conclude,

therefore, that Plaintiff has not asserted a claim based upon the events of April 5 upon which this Court could grant relief.

Plaintiff has also asserted a state-law claim for intentional infliction of emotional distress. It is recommended that the Court decline to exercise jurisdiction over that claim. Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (internal quotations omitted). Here, the Complaint confirms that Plaintiff and the Defendants are citizens of Ohio such that the Court may not exercise jurisdiction based on diversity of the parties under 28 U.S.C. § 1332. Thus, the Court does not have original jurisdiction over Plaintiff's state-law claim. Because the undersigned is recommending dismissal of all of Plaintiff's purported federal claims, it is further recommended that the Court decline to exercise supplemental jurisdiction over any remaining state-law claim and that it dismiss any such claims without prejudice to filing in state court.

In sum, because Plaintiff has failed to state a claim upon which relief may be granted, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint in its entirety pursuant to § 1915(e)(2).

### III.

For the reasons set forth above, Plaintiff Hairston's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**. (ECF No. 1.) In addition, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus. Finally, the Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## **PROCEDURE ON OBJECTIONS**

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

IT IS SO ORDERED.

    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE