IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICO ISAIH HAIRSTON,**

**Plaintiff,**

**v.**

**Case No. 2:17-cv-362**
**Chief Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Chelsey M. Vascura**

**FRANKLIN COUNTY COURT OF COMMON PLEAS OF THE CITY OF COLUMBUS, *et al.*,**

**Defendants.**

**ORDER**

This matter is before the Court for consideration of Plaintiff's Objection to the Magistrate Judge's November 20, 2017 Order and Report and Recommendation. The Magistrate Judge recommended dismissal of Plaintiff's Complaint upon an initial screen pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted. (ECF No. 19.) For the reasons below, the Court **OVERRULES** Plaintiff's Objection (ECF No. 21) and **ADOPTS** the Order and Report and Recommendation. (ECF No. 19.) Plaintiff's Complaint is **DISMISSED** and his Motion to Appoint Counsel (ECF No. 2), Motion to Amend the Complaint (ECF No. 4), and Motion for Clerk to Make Copies (ECF No. 7) are therefore **DENIED as moot**.

**I.**

Plaintiff, proceeding *pro se*, initiated this action on March 28, 2017, claiming Defendants, the Franklin County Court of Common Pleas of the City of Columbus, the Franklin Public Defender's Office, and the Franklin County Prosecutor's Office violated rights guaranteed to him by the Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments to the United States

Constitution and intentionally inflicted emotional distress upon him by participating in his arraignment without him.[1]

Plaintiff asserts that on April 5, 2017, he verbally informed the Franklin County Public Defender's office that he elected to represent himself *pro se*. Then, later the same day, Plaintiff alleges that his arraignment on indicted charges took place without him present and that his appointed counsel entered a plea of not guilty on his behalf. (Compl. ¶ ¶ 6,7.) Plaintiff asserts he called the Franklin County Public Defender's Office after learning that the plea had been entered without him and was informed that he needed to sign a written waiver of representation, which he had not done prior to the arraignment, to proceed without counsel. (*Id.* ¶ 11.)

Magistrate Judge Vascura granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) and summarily recommended dismissing the Complaint after performing an initial screen pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted and because two of the Defendants are immune from suit. (Order and Report and Recommendation ("Rep. & Rec.") at 1–2, ECF No. 19.)

## II.

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Additionally, a *pro se* litigant's pleadings are to be construed liberally and have been held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even so, *pro se* plaintiffs must

[1] Plaintiff points to errors in the Magistrate Judge's description of the Defendants, however, none of these errors provide a basis for relief. (Objection ("Obj.") at ¶ 1, ECF No. 21.)

still comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

**III.**

Plaintiff objects to the Magistrate Judge's determination that he failed to state a claim on which relief may be granted. In his Objection, Plaintiff asserts that by waiving his appearance verbally, the Franklin County Public Defender's Office violated his constitutional rights.

Although it does not appear Plaintiff challenges the Magistrate Judge's holding to the extent she determined the Eleventh Amendment to the United States Constitution bars suit against the Franklin County Court of Common Pleas and that the Franklin County Prosecutor's Office is similarly immune from civil liability for acting within the scope of its prosecutorial duties, the Court agrees with the Magistrate Judge's findings of immunity. As an arm of the state the Franklin County Court of Common Pleas "is not an entity capable of being sued." *Fields v. Doe*, Case No. 07-cv-4217, 2008 U.S. App. LEXIS 28481, at *4 (6th Cir. Dec. 11, 2008) (citation omitted)). Prosecutors are immune from civil liability when acting within the scope of their prosecutorial duties. *Imber v. Pachtman*, 424 U.S. 409, 427 (1976). As the Magistrate Judge correctly found, "Plaintiff Hairston has not alleged any conduct whatsoever by the Franklin County Prosecutor's Office and, therefore, has failed to allege activity outside the scope of prosecutorial duties." (Rep. & Rec. at 6.)

It is more apparent that Plaintiff challenges dismissal of the Franklin County Public Defender's office. Construing his Objection liberally, Plaintiff asserts he has pled violations of his constitutional rights resulting from the waiver of his appearance at the April 5, 2017 arraignment. He points to Federal Rule of Criminal Procedure 10(b) in argument that the Magistrate Judge erred in finding he did not state a Constitutional claim for which relief can be

granted. (Obj. at 6.) Indeed, even if a waiver of Plaintiff's appearance at his arraignment violated Federal Rule of Criminal Procedure 10(b), such violation is not constitutional but procedural and is therefore incorrectly asserted under 42 U.S.C. § 1983. As the Magistrate Judge correctly reasoned,

> A criminal defendant has a constitutional right to be "present at all stages of the trial where his absence might frustrate the fairness of the proceedings." *Farretta v. California*, 422 U.S. 806, 819 n.15 (1975). The right derives from the Due Process Clause and the Confrontation Clause. *See United States v. Shepherd*, 284 F.3d 965, 968 n.1 (8th Cir. 2002). An arraignment is not required by the Due Process Clause. *Garland v. Washington*, 232 U.S. 642, 645 (1914). Moreover, it is not a stage of the litigation at which witnesses testify against the defendant, so Confrontation Clause concerns are not implicated. Plaintiff did not, therefore, sacrifice any rights or lose any defenses as a result of his absence or of Ms. Becca's alleged actions.

(Rep. & Rec. at 7.) Plaintiff thus has not asserted a claim for which relief can be granted.

The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claim of intentional infliction of emotional distress. *See* 28 U.S.C. § 1367(c)(3). The decision whether to exercise supplemental jurisdiction over a claim is purely discretionary and depends on judicial economy, convenience, fairness, and comity. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996). As a rule of thumb though, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Musson Theatrical, Inc.*, 89 F.3d at 1254–55.

Accordingly, the Report and Recommendation (ECF No. 19) is **ADOPTED**, Plaintiff's Objection is **OVERRULED** (ECF No. 21), and his Complaint is **DISMISSED with prejudice**. Plaintiff's Motion to Appoint Counsel (ECF No. 2), Motion to Amend the Complaint (ECF No. 4), and Motion for Clerk to Make Copies (ECF No. 7) are **DENIED as moot**.

**IT IS SO ORDERED.**

1-24-2018

DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE